UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

SAMUEL DARRELL                    Plaintiff,

                                                            **AMENDED** COMPLAINT
                                                              JURY TRIAL DEMANDED
                                                              10-CIV-1866

                --Against--


CON EDISON


                                         Defendant,
------------------------------------------------------------------X

      Plaintiff, SAMUEL DARRELL, by his attorneys, LAW OFFICES OF AMBROSE WOTORSON alleges as follows:

      I.      INTRODUCTION

      1.      This is an action to vindicate the civil rights of Plaintiff. Plaintiff contends that defendants altered the terms and conditions of his employment on the basis of his race, his age, and because he engaged in protected activities.

      II.      JURISDICTION

      2.      This Court's jurisdiction is proper and venue is proper as the claims in the instant case arose in this judicial district. The Court has jurisdiction over the instant action under 42. U.S.C. 2000(e), 42 U.S.C. Section 1981 and 29 U.S.C. Section 621, et seq. Moreover, plaintiff filed the instant Complaint within 90 days of his receipt of a right to sue letter from the after the United States Equal Employment Opportunity Commission. As well, prior to the commencement of this action, plaintiff served a copy of this Complaint upon the New York City Commission on Human Rights and the

1

Corporation Counsel of the City of New York in accordance with the NYC Administrative Code Section 8-502(c). Finally, venue is proper, as the operative events occurred within this judicial district.

III.     PARTIES

3.     SAMUEL DARRELL, (hereinafter, "Plaintiff") who resides in 417 Green Court, Plainfield, New Jersey, alleges on his own behalf, that at all relevant times, he was employed with Defendant.

4.     CON EDISON is a for profit energy supply company. Defendant's address is 4 Irving Place, New York, New York, New York, 10003.

IV.     FACTUAL AVERMENTS

5.     Plaintiff was first employed with defendant on or about September 1979 as a Workers Compensation Investigator.

6.     Plaintiff's performance has been fully satisfactory at all relevant times since her hire.

7.     However, the terms, conditions, and privileges of plaintiff's employment have been adversely and materially affected on the basis of his race, his age and because he engaged in protected activities in the following ways:

    a.     On or about August 29, 2001, plaintiff filed a lawsuit against defendant again alleging race discrimination

    b.     Upon information and belief, others and Annette Malpica, a decision-maker in plaintiff's subsequent promotion requests, was well-aware of plaintiff's prior lawsuit and protected activity, made it an issue and harbored animus against plaintiff because of it.

    Indeed John Stack, who was Malpica's prior supervisor was a named party in plaintiff's prior litigation.

c.  On or about June 7, 2007, plaintiff applied for the position of Manager in the Workers' Compensation Department, which was posted on May 30, 2007. This would have been a promotion for plaintiff.

d.  Plaintiff was a Workers' Compensation investigator for approximately 20 years at the time he applied for the aforementioned position on or about June 3, 2007. In fact, plaintiff had worked in defendants' Workers' Compensation Department at Con Edison from 1979 to 1999.

e.  From 2000 onward, plaintiff worked in the Human Resources/Recruitment department.

f.  Plaintiff's duties as a Workers' Compensation investigator also entailed appearing, arguing and winning Workers' Compensation cases on behalf of defendants. Plaintiff also handled several appeals before the Workers Compensation Board. As well, plaintiff was responsible for implementing the company's policies throughout its various personnel departments. Further, plaintiff was involved in various pre-trial stages of civil litigation for Con Edison, and had extensive contact with all levels of management including officers and union officials.

g. Plaintiff therefore had the requisite experience to manage others in the Workers' Compensation field. But for his age, race and prior protected activity, he would have been interviewed, and offered the position. Plaintiff was never even offered an interview for the position.

h. Indeed, on or about July 26, 2007, plaintiff received an email notice pretextually informing him that he had not been selected for an interview, "because [he] did not have the required New York State workers' compensation experience specified in the position detail." Plaintiff did have the required Ne York State Workers' Compensation experience.

i. On or about July 30, 2007, plaintiff sent an email back to defendants' agents informing them that he strongly disagreed with their assessment.

j. In fact, while the Workers' Compensation laws have recently changed, those changes were not so drastic as to disqualify plaintiff from consideration and/or to render his knowledge and experience stale or irrelevant. Indeed, the changes occurred in July 2007, and they only related to the amount of money that could be disbursed to workers' compensation applicants.

k. Given plaintiff's 20 plus years experience in defendant's workers' compensation department, he should have, at the very least, been given an interview. Further, but for his race, age and prior

4

    protected activity, plaintiff would have qualified for and obtained the position, as he had been an investigator for 20 plus years.

l. When plaintiff did not receive the position, he sent an email to defendant protesting his treatment and suggesting that he had been subjected to discrimination and retaliation. This, is protected activity, since he suggested in the letter that he was being discriminated and retaliated against. At no point did defendant change their position and suggest or state that plaintiff was in fact qualified for the position.

m. Less than three months later, on or about August 15, 2007, defendant reposted the same position. Plaintiff did not apply for this re-post because it would have been futile to do so in light of defendant's prior assertion that plaintiff "did not have the requisite New York State Workers' Compensation experience…"

n. On or about January 15, 2007, plaintiff complained to Robert McGuire, the corporate ombudsman informing him of what he believed to be discriminatory and retaliatory treatment.

o. On January 16, 2007, plaintiff wrote to McGuire requesting an investigation of his complaint. This too was protected activity. Yet, McGuire later told plaintiff that there was nothing he could do for him, after sharing plaintiff's complaints with the decision-makers in his previous non-selection.

        p.      The eventual selectee for the position, Jacqueline Somwaru, was an Asian female and at least 13 years younger than plaintiff was at the time of her appointment, who did not have the plaintiff's level of prior experience. She was also an external hire.

        q.      Upon information and belief, the eventual selectee has made a whopping $23,000 more than plaintiff has since 2008.

        r.      Unfortunately, Con Edison has a long history of discriminatory practices towards blacks and/or older employees.

8. As a proximate result of Defendant's retaliatory actions towards plaintiff, plaintiff has suffered mental anguish, and damage to his good name and reputation.

9. As a further proximate result of Defendant's retaliatory actions towards plaintiff, plaintiff has been unable to ameliorate his employment situation.

10. Defendants' illegal actions were willful, outrageous and were malicious, and were intended to injure Plaintiff, and were done with reckless indifference to Plaintiff's protected rights, entitling Plaintiff to punitive and/or liquidated damages.

V.    <u>CAUSES OF ACTION</u>

       <u>FIRST CAUSE OF ACTION</u>

11. Plaintiff hereby repeats and realleges each allegation contained in each numbered paragraph above.

12. By discriminating against plaintiff because of his age and by retaliating against plaintiff on the basis of his protected activities of opposing such discrimination, defendants violated 29 U.S.C. 621, et. seq., and Section 296 of the New York State Human Rights Law.

SECOND CAUSE OF ACTION

13. Plaintiff hereby repeats and realleges each allegation contained in each numbered paragraph above.

14. By discriminating against plaintiff because of his race and by retaliating against plaintiff on the basis of his protected activities of opposing such discrimination defendant violated 42 U.S.C. Section 2000(e), 42 U.S.C. Section 1981 and Section 296 of the New York State Human Rights Law.

VI. PRAYER FOR RELIEF:

WHEREFORE, plaintiff prays that this Court grant judgment to him containing the following relief:

a. Empanel a jury;

b. Reinstatement;

c. An award of plaintiff's actual damages in an amount to be determined at trial for loss of wages, benefits, and promotional opportunities, including an award of front pay compensating plaintiff for loss of future salary and benefits;

d. An award of damages to be determined at trial to compensate plaintiff for mental anguish, humiliation, embarrassment, and emotional injury;

e. An award of reasonable attorneys' fees and the costs of this action and,

f. Such other and further relief as this Court may deem just and proper.

Dated: September 22, 2010
      Brooklyn, New York

      Respectfully Submitted,
      Law Offices of Ambrose Wotorson
      By_____
      Ambrose W. Wotorson
      26 Court Street, Suite 1811
      Brooklyn, New York 11242

718-797-4861